IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WH HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 09 C 7133 |
| | ) | |
| ACE AMERICAN | ) | Judge Virginia M. Kendall |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Ace American Insurance Company ("ACE") moves to compel third-party respondent GAB Robins of North America ("GAB") to fully respond to the Subpoena Duces Tecum served upon GAB by ACE. For the reasons set forth below, ACE's Motion to Compel is denied. ACE also moves for contempt sanctions relating to a subpoena for a deposition that it served in this matter; that Motion is also denied as discussed below.

**BACKGROUND**

ACE is currently a defendant in an insurance-coverage action brought in the United States District Court for the Eastern District of Louisiana by WH Holdings, LLC ("WH Holdings"). In that suit ("the Louisiana litigation"), WH Holdings alleges that ACE is liable for insurance coverage of damage caused by Hurricane Katrina to the facade of the Ritz Hotel in New Orleans, Louisiana. GAB was the claims adjuster for the property at issue, and is alleged to have documents "evidencing what property was damaged, what payments were received by WH Holdings for what damaged property and WH Holdings' status as an insured under" the ACE policy. (R. 8 at 2.) ACE served a subpoena on GAB that issued from this jurisdiction, on June 25, 2009, and after a breakdown in communication filed this suit seeking to compel compliance with the subpoena.

**ACE'S MOTION TO COMPEL**

ACE argues that it is entitled to an order mandating full compliance with the subpoena because the documents sought are relevant to the underlying litigation and the subpoena is not unduly burdensome, and because GAB failed to timely object or provide a privilege log regarding non-produced documents. GAB responds that it has already produced, in response to the subpoena, all of the documents in its possession relating to the damage at issue; and that ACE's broader request for all documents relating to claims for damage to the Ritz has already been heard, and denied, by the magistrate judge who is charged with the adjudication of discovery disputes in the Louisiana litigation.

**I. Magistrate Judge Chasez's Ruling in the Eastern District of Louisiana**

ACE filed a broad motion to compel discovery in the Eastern District of Louisiana seeking documents that supposedly will help them ensure that no other insurer has paid for any portion of the claimed damage to the facade. Magistrate Judge Alma Chasez denied the broad request and issued a narrow order for WH Holdings to produce discovery related to the damages it claims, and specifically to produce any documents related to any payments from other sources for the facade. ACE then filed this third-party subpoena and motion to compel against the insurance claims adjuster for the other policies that insured the Ritz Properties, GAB Robins. The motion to compel is substantially the same as the motion brought in Louisiana and requests many of the same documents. Thus, the Court must first consider where Judge Chasez's order is binding here, or whether ACE should be allow to circumvent Judge Chasez's ruling by seeking the same discovery that she would not allow them to obtain from WH Holdings directly from a third party in this jurisdiction.

A. Res Judicata and Collateral Estoppel Do Not Apply

Judge Chasez's ruling was not a final judgment on the merits of the case, and so is not binding upon this Court's adjudication of the present motion to compel under the doctrine of res judicata. Magistrate judges do not have the authority to decide dispositive motions that would qualify as "final judgments on the merits" under the Federal Rules, *see* Fed. R. Civ. P. 72(a), but can only issue recommended dispositions with findings of fact for review by the district judge. The very form of the magistrate judge's ruling here reflects that it is a nondispositive magistrate decision pursuant to Fed. R. Civ. P. 72(b), which cannot constitute a final judgment on the merits.

For the same reason, the magistrate judge's ruling is not binding under the doctrine of collateral estoppel or issue preclusion, which requires that the previously litigated issue "have been essential to the final judgment." *Washington Group Intern., Inc. v. Bell, Boyd & Lloyd LLC*, 383 F.3d 633, 636 (7th Cir. 2004). This discovery order is not one which is essential to a final judgment, as one has not yet been entered in the Louisiana litigation.

B. "Law of the Case" Does Not Apply

The doctrine of "law of the case" also does not require this Court to reach the same conclusion in deciding the present Motion as Judge Chasez reached in the Louisiana proceedings. "Law of the case" does not apply in third party subpoena proceedings because they are not continuations of the same case, but rather "new proceeding[s] in a different court." *In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm.*, 439 F.3d 740, 742 (D.C. Cir. 2006). Since "law of the case" only applies to instances where the same issues are presented again in the same court, it does not govern a separate proceeding in a different court.

### C. The Magistrate Judge's Ruling, While Not Binding, is Persuasive

Magistrate judges have authority to decide nondispositive pretrial motions, such as discovery disputes. *See* Fed. R. Civ. P. 72(a). The Rule provides for a mandatory review by the district judge if objections are filed, and that the judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." The parties' briefs do not indicate that any such objections were filed, and do not argue that the magistrate judge's ruling was clearly erroneous or contrary to law. The decision on the Louisiana motion to compel was reached after a hearing and presumably drew from the magistrate judge's much greater familiarity with the underlying litigation, particularly with respect to the relevance of particular discovery requests. Thus, the Court finds that deference to Judge Chasez's ruling is warranted, particularly because there is such a substantial similarity between the Louisiana motion and the one filed here and because the Louisiana litigation has been so lengthy and complex. *See, e.g., In re Elec. Weld Steel Tubing Antitrust Litig.*, 512 F. Supp. 81, 84 (C.D. Ill. 1981) (denying a subpoena for documents from a non-party where another court had previously denied a subpoena seeking the same documents). As Judge Chasez found, ACE can more efficiently achieve its asserted goal with tailored interrogatories rather than requesting the production of a massive volume of documents from a third party.

## II. GAB's Alleged Failure to Timely Object or Provide a Privilege Log

ACE argues, notwithstanding Judge Chasez's ruling as to the documents requested, that GAB has waived any objections to the subpoena or any right to assert that certain documents are privileged because GAB filed to timely object to the subpoena. Federal Rule of Civil Procedure 45(c)(2) provides that a party upon whom a subpoena is served must make its objections within the earlier of either the time specified for compliance with the subpoena or fourteen days after service. ACE

4

asserts in its Motion to Compel that the subpoena was served on June 25, 2009 and that GAB acknowledged receipt of the subpoena on July 1, 2009, but did not serve objections to the subpoena until July 16, 2009, twenty-one days after service. GAB then produced certain documents—it asserts that these were all the non-privileged documents "in its possession, custody and control which relate" to the damage at issue—in response to the subpoena on September 25, 2009. ACE substantiates these dates with exhibits filed concurrently with its Motion to Compel. (*See* R. 10, 11, 12.)

In this case, a slight delay in the filing of GAB's objections should not bar GAB from contesting the merits of the subpoena. Given that the delay was not significant, that GAB did respond in part by producing certain documents, that the broad subpoena is at odds with the ruling entered by Judge Chasez in the underlying litigation, and that GAB is a third party and not a party to the underlying litigation, the Court will not find that GAB waived its rights to object by taking an extra week to respond to the subpoena. *See, e.g., In re General Motors Corp. Dex-Cool Prods.*, 2007 WL 627459 at *1 (S.D. Ill. Feb. 27, 2007) ("Unusual circumstances warrant consideration of . . . belatedly lodged objections.").

ACE further argues that GAB waived its right to assert any privilege with respect to portions of the documents that GAB has produced because it did not produce a copy of its redaction log at the same time as the documents themselves. GAB's response to the Motion to Compel states that "GAB believes that a redaction log was sent to ACE when the responsive documents were produced" and that another copy was sent after receipt of the Motion to Compel. (R. 21 at 14-15.) ACE replies that it did not receive a copy of the first privilege log; however, the Court relies upon the representations made in GAB's response that such a log was sent in a timely manner and therefore

5

will not find that GAB waived its ability to claim that certain of the produced documents were privileged simply because ACE claims not to have received the privilege log. ACE provides no legal authority to the contrary.

### III. Conclusion Regarding ACE's Motion to Compel

In sum, this Court finds that GAB has made a good-faith effort to provide ACE with the relevant information that it has in its possession and control. The Court may limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(2)(C), particularly where, as here, the party seeking discovery has not shown to the Court's satisfaction that the denial of such discovery will result "in actual and substantial prejudice" to its interests, *Searls v. Glasser*, 64 F.3d 1061, 1068 (7th Cir. 1995). Here, subjecting a third party to further expense and effort in order for ACE to achieve discovery of documents that a judge in the underlying litigation, with much greater familiarity with the claims, parties, and issues, has deemed not discoverable would constitute a burden greater than any benefit that ACE can reasonably hope to attain. Moreover, there is no reason to believe that ACE cannot adequately protect its interests through narrowly tailored interrogatories targeting information about damage to the Ritz that is more closely relevant to its claims than the broad production requests to which GAB objects here. The Motion to Compel is therefore denied.

### ACE'S MOTION FOR CONTEMPT SANCTIONS AND TO COMPEL ATTENDANCE

Ace additionally seeks an order finding one Mr. David Buck ("Buck") to be in contempt of the Court for his failure to appear at his deposition pursuant to a subpoena that was served upon him and compelling him to appear at a later date and time of ACE's choosing. GAB, whose counsel is

representing Buck on this issue, moves for leave to file a response to ACE's Motion. For the reasons set forth below, the Court grants GAB's Motion, but denies the request within GAB's Response for attorneys' fees and costs associated with the filing of the Response. The Court denies ACE's Motion for Contempt Sanctions and to Compel Attendance.

**I. Factual Background**

Buck, whose precise role in this litigation is unclear and unexplained by the parties' filings, was served with a subpoena on December 4, 2009 that commanded him to appear for a deposition in Chicago on December 14, 2009. Service was sent to "David Buck c/o GAB Robins" at a Chicago address that the Court assumes to be GAB's business address. That subpoena listed the caption and case number for this action in this Court, but did not fill in the blanks that would identify the District Court from which the subpoena issued. An exhibit to GAB's Response indicates that notice of the subpoena was sent to GAB and WH Holdings on December 9, 2009; that notice also provided the caption and case number for this action but did not identify this Court.

On the appointed day for the deposition, counsel for ACE contacted counsel for GAB once Buck was approximately twenty minutes late for the scheduled deposition. After initially leaving a message, ACE's counsel then placed a follow-up call approximately thirty minutes after the scheduled time, and spoke with GAB's counsel. That individual stated that she was representing Buck with regard to the subpoena, that he would not be attending the deposition, and that she had sent a letter to that effect by U.S. Mail and electronic mail to ACE's local counsel, Hilary O'Connor ("O'Connor") on December 9, 2009. O'Connor represents to the Court that she did not receive any communications from Buck's counsel prior to the date of the deposition.

A letter dated December 9, 2009 from Cheryl Mondi ("Mondi"), GAB's counsel to O'Connor is attached as an exhibit to GAB's Response. (*See* R. 29 Ex. C.) The letter's heading states: "Via E-Mail and U.S. Mail." That letter states that Mondi "will represent Mr. Buck with respect to his deposition," asserts that the subpoena that had been served upon Buck "is defective as it does not identify the court" from which it issued, and explains that counsel is not available for a December 14, 2009 deposition but expresses a willingness to "find a mutually agreeable date and time." (*See id.*) A follow-up letter, also attached as an exhibit to GAB's Response, reiterates the objection to the subpoena and Mondi's willingness to produce Buck for deposition at a mutually agreeable time. (*See* R. 29 Ex. D.)

## II. ACE's Motion for Contempt Sanctions and to Compel Attendance

The failure of the subpoena served upon Buck to identify the Court from which it purportedly issued renders it facially invalid under Federal Rule of Civil Procedure 45(a)(1)(A)(ii). The rule is phrased in mandatory terms, and does not provide for any exceptions. Nor has ACE provided any authority in which a requirement mandated by the plain text of the rule was not fulfilled, an objection to that requirement was not waived, and yet a subpoena was found valid. *See Atlantic Inv. Mgm't, LLC v. Millennium Fund I. Ltd.*, 212 F.R.D. 395, 399 (N.D. Ill. 2002) (objection to failure of attorney to sign subpoena was waived and, regardless, held to be easily curable defect under specific facts of the case). Instead, ACE argues that Buck's counsel—who is also GAB's counsel in this action—was aware of this litigation and should have been able to put the case number provided together with its awareness of a case pending before this Court. The subpoena was not served on GAB's counsel, however, but upon Buck personally, a point to which ACE draws the Court's attention in arguing that GAB has no standing to challenge the subpoena. ACE makes no argument

and presents no evidence that Buck, the recipient of the subpoena, had any knowledge of this litigation and would have been able to infer the Court from which it issued.

Even if he had such knowledge, Rule 45 does not require that a subpoena contain information from which the recipient can deduce the issuing court, it requires every subpoena to "state the court from which it issued." The subpoena at issue here does not do so and therefore does not comply with the rule. Moreover, this requirement is not a mere technicality, as ACE argues, but rather the source of this Court's authority to entertain motions, such as motions for contempt and sanctions, arising from a respondent's failure to comply with subpoenas issued by this Court. *See* Fed. R. Civ. P. 45(e) ("The *issuing court* may hold in contempt a person who, having been served, fails . . . to obey the subpoena.") (emphasis added); *see also In re Sealed Case*, 141 F.3d 337, 378 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas.") The Court therefore finds that the subpoena served upon Buck, which had no issuing court, was facially invalid and that GAB's counsel acting on Buck's behalf properly preserved his objection to the subpoena's validity. ACE's Motion for Contempt Sanctions and to Compel Attendance is therefore denied.

### III. GAB's Request for Attorneys' Fees and Costs

Finally, in its Response to ACE's Motion for Contempt Sanctions, GAB requests that the Court award fees and costs incurred in filing that Response. GAB does not support this request with legal argument or authority that would allow the Court to seriously entertain it; the request is therefore denied.

## CONCLUSION AND ORDER

ACE's Motion to Compel is denied; GAB has responded to the subpoena issued to it insofar as it is able and to the extent this Court finds necessary to protect ACE's interests in the underlying

9

litigation without unduly burdening a third party. ACE's Motion for Contempt Sanctions is denied as the subpoena issued to David Buck was facially invalid. GAB's Motion for Leave to File a Response to ACE's Motion for Contempt Sanctions is granted; the request contained within that Response for attorneys' fees and costs is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 17, 2010